UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CENT. NEW YORK LABORERS' HEALTH AND
WELFARE FUND, by Janet M. Moro, as Fund Adm'r;
CENT. NEW YORK LABORERS' PENSION FUND,
by Janet M. Moro as Fund Adm'r; CENT. NEW YORK
LABORERS' ANNUITY FUND, by Janet M. Moro as
Fund Adm'r; CENT. NEW YORK LABORERS'
TRAINING FUND, by Janet M. Moro as Fund Adm'r;          5:11-CV-688
and CONSTR. AND GEN. LABORERS' LOCAL                    (GTS/TWD)
UNION NO. 633, by Gabriel M. Rosetti III as Bus.
Manager,
                              Plaintiffs,

v.

STEVEN M. TAYLOR, Individually and as an Officer
of Consol. Masonry Contractors, Inc.,
                              Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

BLITMAN & KING LLP                                      JENNIFER A. CLARK, ESQ.
  Counsel for Plaintiffs
Franklin Center
443 North Franklin Street, Suite 300
Syracuse, NY 13204

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and Labor-Management Relations Act of 1947 (LMRA) filed by the five above-captioned entities ("Plaintiffs") against Steven M. Taylor ("Defendant"), is Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 11.) For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

I.      **RELEVANT BACKGROUND**

     A.      **Plaintiffs' Complaint**

Generally, Plaintiffs' Complaint seeks to collect from Defendant allegedly delinquent fringe benefit contributions and deductions due and owning to four multi-employer benefit plans and a labor organization for the period July 2005 through November 2010, as well as interest, liquidated damages, costs and disbursements, and attorneys' fees. (Dkt. No. 1.) Familiarity with the five causes of action asserted in the Complaint, and the factual allegations giving rise to those causes of action, is assumed in this Decision and Order, which is intended primarily for the review of the parties.

     B.      **Plaintiffs' Service of Their Complaint and Defendant's Failure to Answer**

On July 30, 2011, Plaintiffs served their Complaint on Defendant. (Dkt. No. 5.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

     C.      **Clerk's Office's Entry of Default and Defendant's Non- Appearance**

On September 30, 2011, Plaintiffs filed a request for the Clerk of the Court to enter default against Defendant pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 6.) On November 13, 2011, the Clerk of the Court did so. (Dkt. No. 9.) As of the date of this Decision and Order, Defendant has not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

     D.      **Plaintiffs' Motion for Default Judgment and Defendant's Non-Response**

On January 13, 2012, Plaintiffs filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 11.) As of the date of this Decision and Order, Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of their motion for default judgment, Plaintiffs argue that they have satisfied the two-step default judgment process required by Fed. R. Civ. P. 55. (Dkt. No. 11. Attach. 13.) Familiarity with the particular grounds of Plaintiffs' motion for default judgment is assumed in this Decision and Order, which again is intended primarily for review of the parties.

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1]

3

determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

**III.   ANALYSIS**

After carefully considering Plaintiffs' unopposed motion, the Court grants that motion with respect to all relief requested therein (except for the request for attorneys' fees at a rate of $235 per hour), for the reasons stated in their memorandum of law.  (Dkt. No. 11. Attach. 13, at 4-13 [attaching pages "3" through "12" of Plfs.' Memo. of Law].)  The Court would add only four brief points.

First, because Defendant has failed to oppose Plaintiffs' motion, Plaintiffs' burden on that motion has been lightened such that, in order to succeed on the motion, Plaintiffs need only show that the motion possesses facial merit.[1]  Clearly, Plaintiffs have met this modest burden with respect to all relief requested (except for attorneys' fees at a rate of $235 per hour).  In any event, even if the Court were to subject Plaintiffs' motion to the heightened scrutiny appropriate for a contested motion, the Court would find that Plaintiffs have met their with respect to all relief requested (except for attorneys' fees at a rate of $235 per hour).

Second, in prior decisions, the Court has taken issue with certain aspects of the narrative of services (or scope of work) provided by, and the hourly rate requested by, counsel in attempting to recover attorneys' fees in such actions.[2]  Here, the Court takes no issue with the

---

[1]   *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

[2]   *See, e.g., Cent. N.Y. Laborers' Health and Welfare, Pensions, Annuity and Training Funds v. Five Star Constr. Servs.*, 09-CV-0509, 2011 WL 167236, at *1-3 (N.D.N.Y.

narrative of services (or scope or work) provided by counsel; counsel has satisfactorily detailed, and explained the purpose of, her law firm's work on the case. However, as indicated above, the Court continues to take issue with the hourly rate requested by counsel.

Specifically, Plaintiffs have argued that a reasonable rate for work in ERISA collection actions by an experienced attorney in the community between September 2009 and January 2012 was $235 per hour. (Dkt. No. 11, Attach. 11, at ¶ 22.) However, within the past three years, two district judges in this District (other than the undersigned) have rejected such an argument on at least eight occasions, finding the reasonable rate for such work in the community to have been $210.[3] While the undersigned imagines that the hourly rate might be raised to $235 for such

---

June 19, 2011) (Suddaby, J.); *Eng'rs Joint Welfare Fund v. W. N.Y. Contractors, Inc.*, 09-CV-0417, 2011 WL 167228, at *1-3 (N.D.N.Y. Jan. 19, 2011) (Suddaby, J.); *Cent. N.Y. Laborers' Health and Welfare, Pensions, Annuity and Training Funds v. Five Star Constr. Servs.*, 09-CV-0509, 2010 WL 2545151, at *3-4 (N.D.N.Y. June 18, 2010).

[3]  *See Upstate N.Y. Carpenters Pension Fund v. MBE Group, Inc.*, 08-CV-0129, 2011 WL 838849, at *3 (N.D.N.Y. Mar. 4, 2009) (Mordue, C.J.) (finding the following rates reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals); *U.F.C.W. Local One Pension Fund v. Ronald A. Popp, Inc.*, 09-CV-0979, 2011 WL 337332, at *3 (N.D.N.Y. Jan. 31, 2011) (Mordue, C.J.) (finding the following rates reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals); *N.Y.S. Teamsters Confer. Pension and Ret. Fund v. Staats Express, Inc.*, 09-CV-1318, 2010 WL 4025609, at *5 (N.D.N.Y. Oct. 13, 2010) (Mordue, C.J.) (finding the following rate reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys); *Oswego Laborers' Local 212 Pension and Annuity Funds v. W. N.Y. Contractors, Inc.*, 08-CV-0484, 2010 WL 2869576, at *5 (N.D.N.Y. July 19, 2010) (Mordue, J.) (finding the following rates reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, and $80 per hour for paralegals); *N.Y.S. Teamsters Confer. Pension and Ret. Fund v. Staats Express, Inc.*, 09-CV-0441, 2010 WL 1372379, at *3 (N.D.N.Y. Apr. 7, 2010) (Mordue, C.J.) (finding the following rate reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys); *U.F.C.W. Local One Pension Fund v. Levonian Bros., Inc.*, 09-CV-0484, 2010 WL 883679, at *1 (N.D.N.Y. Mar. 8, 2010) (Mordue, J.) (finding the following rates reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, and $80 per hour for paralegals); *Eng'rs Joint Welfare, Pension, Suppl. Unemp't*

work performed in the community after January 2012 (given inflation, among other things), the undersigned has found no reason to depart from the authority set forth in note 3 of this Decision and Order, and raise the rate for such work performed in the community between September 2009 and January 2012 (especially given that this action was unopposed).

Third, applying a rate of $210 per hour for experienced attorneys (and $80 per hour for paralegals), the Court calculates the total amount of judgment as being $36,575.74, based on the following calculations: (1) $6,962.31 in fringe benefit contributions and deductions ($6,092.74 to the Central New York Laborers' Funds, plus $869.57 to the Union); (2) $7,544.26 in interest from July 2005, through February 16, 201 ($6,651.63 to the Central New York Laborers' Funds, plus $892.63 to the Union); (3) $7,572.79 in liquidated damages ($7,099.06 to the Central New York Laborers' Funds, plus $473.73 to the Union); (4) $7,135.90 in audit fees; and (5) $7,360.48 in attorneys' fees, paralegal fees and costs ($5,071.50 in attorneys' fees, resulting from 24.15 hours at $210 per hour, plus $1,436.00 in paralegal fees, resulting from 17.95 hours at $80 per hour, plus $852.98 in costs).  If Plaintiffs would like the Court to issue an Amended Judgment awarding interest from February 16, 2012, to the date of Judgment, Plaintiffs may make that request (supported by the appropriate calculations) within fourteen days of the date of this Decision and Order.

Fourth, and finally, the Court finds merit to Plaintiffs' request for an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a), which provides for interest at a "rate equal to

---

*Benefit & Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *4-7 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (finding the following rates reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, and $80 per hour for paralegals); *Cent. N.Y. Laborers' Health and Welfare, Pension, Annuity and Training Funds v. Maxim Constr. Serv. Corp.*, 08-CV-0551, 2009 WL 2176191, at *2 (N.D.N.Y. July 21, 2009) (Mordue, C.J.) (finding the following rates reasonable in ERISA collection actions in the community: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, and $80 per hour for paralegals).

the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [the date of the judgment]." 28 U.S.C. § 1961(a).  Here, the Court finds that the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment is 0.188 percent.  *See* Bd. of Gov. of Fed. Reserve Sys. Selected Interest Rates, http://www.federalreserve.gov/releases/h15/current/ (last visited July 27, 2012).

    **ACCORDINGLY**, it is

    **ORDERED** that Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 11) is **GRANTED except** to the extent that it requests attorneys' fees at an hourly rate of $235, which request is **DENIED**; and it is further

    **ORDERED** that the Clerk of the Court is directed to enter a default judgment in Plaintiffs' favor against Defendant in the total amount of **THIRTY-SIX THOUSAND FIVE HUNDRED SEVENTY-FIVE DOLLARS AND SEVENTY-FOUR CENTS ($36,575.74)**, plus post-judgment interest at rate of 0.188 percent per year, pursuant to 28 U.S.C. § 1961(a); and it is further

    **ORDERED** that, if Plaintiffs would like the Court to issue an Amended Judgment awarding interest from February 16, 2012, to the date of Judgment, Plaintiffs may make that request (supported by the appropriate calculations) within **FOURTEEN (14) DAYS** of the date of this Decision and Order.

Date:   August 3, 2012
          Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge